**UNITED STATES of America, Appellee,**

v.

**Cecil Grafton ROSE, Defendant-Appellant.**

**No. 547, Docket 73–2760.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 8, 1975.

Decided Nov. 19, 1975.

Certiorari Denied March 8, 1976. See 96 S.Ct. 1432.

Paul J. Curran, U.S. Atty. for the Southern District of New York, Michael B. Mukasey and Rudolph W. Giuliani, Asst. U.S. Attys., New York City, on the brief, for appellee.

William J. Gallagher, The Legal Aid Society, New York City, Federal Defender Services Unit and E. Thomas Boyle, New York City, on the brief, for defendant-appellant.

Before LUMBARD and HAYS, Circuit Judges, and JAMESON, District Judge.*

LUMBARD, Circuit Judge:

This appeal is before us again on remand by the Supreme Court for reconsideration in light of *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). The relevant facts are set forth in our prior opinion, *United States v. Rose,* 500 F.2d 12 (2d Cir. 1974), in which we upheld appellant Cecil Rose's conviction on two counts of im- personating a federal officer and thereby obtaining money in violation of 18 U.S.C. § 912. We see nothing in *Hale* which requires us to reach a different conclusion.

Rose's claim on appeal was that the government's inquiry on cross-examination as to whether he had offered to the arresting officers the same explanation for his conduct which he provided the jury on direct examination, constituted an improper comment on his right to remain silent under *Miranda v. Arizona,* 383 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This court, however, declined to reach the merits of that question, holding that appellant had waived his right to raise the issue on appeal by failing to make a contemporaneous objection at trial.

If anything, *Hale* reinforces our decision. Specifically refusing to base its opinion on constitutional grounds, the Supreme Court restricted its holding to the evidentiary ruling that, on the facts presented to it, which included timely defense objection, "the probative value of [Hale's] pre-trial silence . . . was outweighed by the prejudicial impact of admitting it into evidence," 422 U.S. at 173, 95 S.Ct. at 2135.

Evidentiary objections must be raised at trial or they are foreclosed on appeal. See *United States v. Indiviglio,* 352 F.2d 276, 280–81 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). The court can be advised by the government of the relevant facts necessary to an informed judgment as to the admissibility of evidence only if questions as to admissibility are raised by the defendant promptly and no later than the time when the evidence is offered.[1] As previously noted, appellant's counsel made no objection either before or after the prosecutor's cross-examination.

Affirmed.

---

\* Senior District Judge for the District of Montana, sitting by designation.

1. This general rule is, of course, subject to the appellate court's discretion to recognize plain error affecting substantial rights. Rule 52(b), Fed.R.Crim.P. We reaffirm our earlier conclusion that this is not an appropriate case for the exercise of that discretion.