**UNITED STATES of America**

v.

**James EPIFANIO, Defendant.**

**No. 77 CR. 896(MP).**

United States District Court, S. D. New York.

April 11, 1978.

---

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., by Marc Marmaro, Asst. U. S. Atty., New York City, for United States.

Anthony V. Lombardino, Kew Gardens, N. Y., for defendant.

### MEMORANDUM

POLLACK, District Judge.

Defendant has been indicted, tried and convicted by a Jury of having committed Perjury before a Grand Jury sitting in this District. He now moves pursuant to Rule 34, Fed.R.Crim.P. to arrest judgment and dismiss the indictment on the contention that this Court was without jurisdiction

over the crime; that the Grand Jury of the Eastern District of New York was the only body having jurisdiction to investigate the incidents concerning the subject of defendant's testimony before the Grand Jury.

For the reasons given below, the motion is, in all respects, denied.

At the threshold it is to be noted that the motion is not timely made. Motions in arrest of judgment made pursuant to Rule 34 must be made within seven days after verdict or a finding of guilty.*

Defendant's motion relies on the assumption that all of the incidents investigated by the Southern District Grand Jury occurred within the Eastern District of New York and he concludes from this that the Southern District Grand Jury had no jurisdiction to investigate these incidents and consequently that the Court had no jurisdiction to try the Jury's indictment.

Defendant's premise and conclusion therefrom are not correct. Factually, the events investigated by the Grand Jury did have a substantial nexus to the Southern District of New York. ·

The four specifications of perjury in the indictment and the proof at trial related to the defendant's knowledge whether and statement that certain public officials had assisted an SBA (Small Business Administration) official employed in the Southern District, for pecuniary considerations in his effort to obtain a higher official post and whether the official had received kickbacks in connection with his employment at SBA.

■ There was no issue raised by defendant at trial as to the materiality of the perjurious testimony; defendant stipulated at trial that the alleged perjury was material. This precluded any right to raise this issue in a Rule 34 motion. *Cf. United States v. Rose,* 500 F.2d 12 (2d Cir. 1974), *vacated and remanded,* 422 U.S. 1031, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975), *on remand* 525 F.2d 1026 (2d Cir. 1975), *cert. denied,* 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362 (1976).

---

* Fed.R.Crim.P. This time constraint is "mandatory and jurisdictional." *United States v. Figueroa,* 337 F.Supp. 645 (S.D.N.Y.1972). Moreover, the motion was not accompanied by

a Memorandum of law as required by Rule 9(b), General Rules, Southern District of New York.

 Moreover, addressing the merits, a finding of materiality does not depend on admissibility of evidence received by a Grand Jury or possession of the power of a Grand Jury to indict for substantive offenses about which a witness is questioned. *See United States v. Doulin,* 538 F.2d 466 (2d Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976):

> Appellant's claim that neither federal grand jury before which he appeared had authority to indict him for the substantive offenses about which he has now been found guilty of lying is, even if true, beside the point. The grand jury's duty and indeed responsibility to inquire is not coterminous with its power to indict. *Id.* at 470.

*Cf. United States v. Cuevas,* 510 F.2d 848, 852–53 (2d Cir. 1975).

 In view of the facts, that the Grand Jury's investigation related to an official employee who was employed in the Southern District of New York, and the questioning of the defendant conducted in the Southern District of New York, the indictment of the Grand Jury in relation thereto was proper.

The motion to arrest judgment and dismiss the indictment against defendant Epifanio is denied.

SO ORDERED.